IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                            Plaintiff,           Case No. 24-20076-01-DDC

v.

DAVID MARK JONES,

                        Defendant.

## MEMORANDUM AND ORDER

Defendant David Mark Jones has pleaded guilty to three counts of distributing or receiving child pornography and one count of possessing child pornography.  At issue is defendant's mandatory-minimum sentence.  The relevant statute raises defendant's mandatory minimum when he "has a prior conviction under . . . the laws of any State relating to . . . the . . . possession . . . of child pornography[.]"  18 U.S.C. § 2252A(b)(1), (b)(2).  If a defendant has such a prior conviction, then his mandatory minimum goes up:  to 15 years for the distribution/receipt counts, § 2252A(b)(1), and to 10 years for the possession count, § 2252A(b)(2).  The question here is whether defendant's prior conviction—a Kansas conviction for sexual exploitation of a child—is one "relating to" possession of child pornography.[1]

### I.       The Categorical Approach and the Modified Categorical Approach

Courts "employ the categorical approach to determine whether a prior state conviction qualifies as a predicate offense."  *United States v. Griffin*, 164 F.4th 782, 785 (10th Cir. 2026).

---

[1]    Jones's PSR objections don't quite capture this argument.  Jones since has filed a supplemental brief arguing his prior conviction doesn't trigger the mandatory minimums.  Doc. 40.  The court construes this argument as a PSR objection and decides it with this Order.

Under the categorical approach, courts "look at the fact of the defendant's state conviction alone—and not at the defendant's underlying conduct—to determine whether the prior conviction qualifies." *Id.* The "fact of conviction qualifies as a predicate offense only if the elements of the state offense categorically fall within the elements of the generic offense defined by federal law." *Id.* That is, the state offense must qualify as a categorical match—in every factual scenario—for the generic offense.

Sometimes, there's more than one way to violate a state statute—that is, it's "divisible." Thus emerges the modified categorical approach. "Courts employ the modified categorical approach when a prior conviction is based on 'a so-called "divisible statute[.]"'" *United States v. Titties*, 852 F.3d 1257, 1266 (10th Cir. 2017) (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). A divisible statute "sets out one or more elements of the offense in the alternative[.]" *Id.* (quotation cleaned up). The test for determining whether a statute is divisible is a deceptively simple one: Just looking at the statute, can you tell "which version of the offense the defendant was convicted of"? *Id.* (quotation cleaned up).

To answer this question, the key distinction is between elements and means. "'Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction.'" *Id.* at 1267 (quoting *Mathis v. United States*, 579 U.S. 500, 504 (2016)). Means "are 'various factual ways of committing some component of the offense.'" *Id.* (quoting *Mathis*, 579 U.S. at 506). So, a statute can identify various *means* of satisfying an *element*. And if the statute merely lists "alternative means of satisfying an element, then the statute is not divisible and the categorical approach must be applied." *Id.* But if the statute lists alternative *elements*, then the statute is divisible and "the modified categorical approach should be applied." *Id.*

An example helps.  Suppose "a statute requires use of a 'deadly weapon' as an element of a crime and further provides that the use of a 'knife, gun, bat, or similar weapon' would all qualify" as a deadly weapon.  *Mathis*, 579 U.S. at 506.  That "list merely specifies diverse means of satisfying a single element of a single crime[.]"  *Id.*  And so, a jury needn't unanimously find the defendant used any particular item when deciding the use-of-a-deadly-weapon element of the crime.  *Id.*  Because this example statute lists alternative means for satisfying an element, the example statute isn't divisible and the court would use the categorical approach.

Courts use various tools when determining whether a statute's list is a list of elements or, instead, a list of means.  The court's task here requires it to use just one tool:  the statute itself. As our Circuit has suggested, "in some instances, the statute on its face will provide the answer." *Titties*, 852 F.3d at 1267.  For example, the statute might impose different punishments for different statutory alternatives.  *Id.* at 1268.  In that situation, the statute is divisible.[2]

Kansas's statute criminalizing sexual exploitation of a child is plainly divisible.  In 2020,[3] Kan. Stat. Ann. § 21-5510(a) provided as follows:

[S]exual exploitation of a child is:

(1) Employing, using, persuading, inducing, enticing or coercing a child under 18 years of age, or a person whom the offender believes to be a child under 18 years of age, to engage in sexually explicit conduct with the intent to promote any performance;

---

[2]    Neither party discusses whether the statute at issue here is divisible.  That's not ideal; "choosing the right initial approach is an essential step[.]"  *Titties*, 852 F.3d at 1267.  Defendant suggests the categorical approach.  Doc. 40 at 4.  The government agrees.  Doc. 45 at 3.  The problem is that they're both wrong.

[3]    The court must review the version of the statute in effect in effect in 2020, when defendant committed the offense.  *See* Doc. 25 at 13 (placing defendant's unlawful actions in September 2020); *Titties*, 852 F.3d at 1262 n.2 ("[W]e focus on the law as it applied to [defendant] when he committed the offense.").

(2) possessing any visual depiction of a child under 18 years of age shown or heard engaging in sexually explicit conduct with intent to arouse or satisfy the sexual desires or appeal to the prurient interest of the offender or any other person;

(3) being a parent, guardian or other person having custody or control of a child under l8 years of age and knowingly permitting such child to engage in, or assist another to engage in, sexually explicit conduct for any purpose described in subsection (a)(1) or (2); or

(4) promoting any performance that includes sexually explicit conduct by a child under 18 years of age, or a person whom the offender believes to be a child under 18 years of age, knowing the character and content of the performance.

Kan. Stat. Ann. § 21-5510(a) (West 2017).  This statute then provides different punishments.  If convicted for violating subsection (a)(2) or (a)(3), it's a level-five person felony.  *Id.* § 21-5510(b)(1)(A) (2020).  And if convicted for violating subsection (a)(1) or (a)(4), it's a level-three person felony.  *Id.* § 21-5510(b)(1)(B).  Because these "statutory alternatives carry different punishments . . . they must be elements." *Titties*, 852 F.3d at 1267–68 (quotation cleaned up).  Indeed, just looking at the statute, it's unclear which subsection defendant violated.  So, the statute lists alternative elements of the crime of sexual exploitation of a child, rendering the statute divisible, and the court must apply the modified categorical approach.

Under the modified categorical approach, courts "consult record documents from the defendant's prior case for the limited purpose of identifying which of the statute's alternative elements formed the basis of the prior conviction." *Id.* at 1266.  At sentencing, the government introduced defendant's state-court complaint, which borrows the language from § 21-5510(a)(2).  Specifically, "David Mark Jones did . . . possess any visual depiction of a child under 18 years of age shown or heard engaging in sexually explicit conduct with the intent to arouse or satisfy the sexual desires or appeal to the prurient interest of the offender or of any other person[.]"  Gov. Ex. 3.  The complaint then cites, confusingly, "K.S.A. 21-5510(a)(2)(b)(1)."  Section 22-5510

contains no subsection identified as "(a)(2)(b)(1)."  Fortunately, the initiation-of-action

document[4] provides some clarity, and it cites § 21-5510(a)(2):

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
Criminal Department

State of Kansas
Vs.
DAVID MARK JONES, Defendant

INITIATION OF ACTION

Offense(s) Alleged:
21-5510(a)(2)          SEX EXPLOIT CHILD/POSSESS

_X_  The Court finds from the complaint and affidavit that there is probable cause to believe
both that a crime has been committed in Johnson County, Kansas and that the defendant
committed the same.

_X_  Therefore a warrant is ordered to be issued for the arrest of the above-named defendant.

Gov. Ex. 3.  So, the court confidently can say that defendant committed sexual exploitation of a

child by violating § 21-5510(a)(2).

## II.        Applying the Categorical Approach

With the underlying state conviction defined, the court now can compare the elements of

that underlying state offense to the elements of the generic offense by using the categorical

approach.  *See Titties*, 852 F.3d at 1265 ("[T]he modified categorical approach reveals the

relevant elements for the comparison under the categorical approach.").  The categorical

approach consists of three steps.  *First*, "the court discerns the scope of the generic offense,

---

[4]        The initiation of action is a document filed with the criminal complaint, and records the offenses
alleged, the court's probable-cause findings, and whether the court orders a warrant issued.  Gov. Ex. 3.
It also sets a defendant's bond amount and bond conditions.  *Id.*

which is defined by the federal statute." *Griffin*, 164 F.4th at 785. *Second*, the court discerns "the scope of the state statute, relying on its text or interpretations of the statute by the state's highest court." *Id.* *Last*, the court compares the two and "asks whether the state statute sweeps more broadly than the generic offense." *Id.* The court applies each step to defendant's state conviction, in turn, below.

*First*: there's the scope of the generic offense, as defined by federal law. The relevant federal statute is 18 U.S.C. § 2252A(b)(1) and (b)(2). Simplifying the task here, the relevant language in those two subsections is the same: an offense "relating to . . . possession . . . of child pornography." § 2252A(b)(1), (b)(2). Federal law defines child pornography as "any visual depiction" of a minor engaged in "sexually explicit conduct." 18 U.S.C. § 2256(8). Sexually explicit conduct, in turn, has two definitions, which the court paraphrases this way:

- If the child pornography is a digital image, computer image or computer-generated image, then sexually explicit conduct means: (1) graphic sexual intercourse or lascivious simulated sexual intercourse, (2) graphic or lascivious simulated bestiality, (3) graphic or lascivious simulated masturbation, (4) graphic or lascivious simulated sadistic or masochistic abuse, or (5) graphic or simulated lascivious exhibition of the anus, genitals, or pubic area of any person. *Id.* § 2256(2)(B).

- If the child pornography is not a digital image, computer image, or computer-generated image, then sexually explicit conduct means: (1) sexual intercourse, (2) bestiality, (3) masturbation, (4) sadistic or masochistic abuse, or (5) lascivious exhibition of the anus, genitals, or pubic area of any person. *Id.* § 2256(2)(A).

The important term in both of these definitions—for the current analysis—is "lascivious exhibition." Courts (and juries) use several factors to determine when an image qualifies as lascivious exhibition. *Griffin*, 164 F.4th at 786. Those factors include:

- "whether the image's focal point is the child's genitalia or pubic area,"

- "whether the image is sexually suggestive,"

- "whether the child is depicted in an unnatural pose,"

6

- "whether the child is clothed or nude,"

- "whether the image suggests sexual coyness or a willingness to engage in sexual activity, and"

- "whether the image is intended or designed to elicit a sexual response in the viewer."

*Id.* at 786–87 (quotation cleaned up).

Recall that federal law defines the generic offense as any offense *relating to* possession of child pornography.  The phrase "relating to" makes the scope of the generic offense "broader than just possession of child pornography as defined by federal law."  *Griffin*, 164 F.4th at 786.  Our Circuit gives the phrase "relating to" its "ordinary" meaning, so the state "offense need only 'stand in some relation to,' 'pertain to,' or 'have a connection' with the possession of child pornography."  *United States v. Bennett*, 823 F.3d 1316, 1322 (10th Cir. 2016) (quotation cleaned up).

*Second*, there's the scope of the state offense.  Defendant has a prior conviction for sexual exploitation of a child, defined as "possessing any visual depiction of a child under 18 years of age shown or heard engaging in sexually explicit conduct with intent to arouse or satisfy the sexual desires or appeal to the prurient interest of the offender or any other person[.]"  Kan. Stat. Ann. § 21-5510(a)(2) (2020).  This statute breaks down into three elements:

> 1. The defendant possessed a visual depiction in which a person is (shown) (heard) engaging in sexually explicit conduct.
>
> 2. The defendant did so with the intent to arouse or satisfy the sexual desires or appeal to the prurient interest of the defendant or another person.
>
> 3. The person (shown) (heard) engaging in sexually explicit conduct was less than 18 years old.  The State need not prove the defendant knew the child's age.

Instruction No. 55.180, Kansas Judicial Council, Kansas Criminal Pattern Instructions (4th ed. 2026); *see also State v. Seck*, 558 P.3d 1089, 2024 WL 4718328, at *5 (Kan. Ct. App. 2024) (reciting similar elements).  This statute defined sexually explicit conduct as

7

actual or simulated:   Exhibition in the nude; sexual intercourse or sodomy, including genital-genital, oral-genital, anal-genital or oral-anal contact, whether between persons of the same or opposite sex; masturbation; sado-masochistic abuse with the intent of sexual stimulation; or lewd exhibition of the genitals, female breasts or pubic area of any person[.]

Kan. Stat. Ann. § 21-5510(d)(1) (2020).

*Last*, the court must compare the scope of the generic offense to the scope of the state offense and determine whether the state offense "sweeps more broadly." *Griffin*, 164 F.4th at 785. That is, does defendant's prior conviction for sexual exploitation of a child categorically fall within the elements of the federal generic offense—or, instead, beyond the federal generic offense. At "this last step, the court considers the least of the acts criminalized under the state statute." *Id.* (quotation cleaned up). In so doing, our Circuit has warned, "standing at the statute's outer boundary is one thing; employing legal imagination to contrive hypothetical conduct implausibly unconnected to the statute is another." *Id.* at 786 (quotation cleaned up). To avoid letting one's legal imagination sally away, courts look for "a realistic probability that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Id.* (quotation cleaned up). A "defendant may show this realistic probability through the statute's plain language and the state's interpretive caselaw." *Id.* (quotation cleaned up).

Here, defendant asserts that the Kansas crime of sexual exploitation criminalizes conduct that doesn't qualify as conduct "relating to" child pornography under § 2252A(b)(1) and (b)(2). Put simply, defendant argues that Kansas sexual exploitation of a child is broader than the generic offense. Specifically, defendant highlights § 21-5510(d)'s definition of sexually explicit conduct, noting it includes exhibition in the nude. So, § 21-5510 "would criminalize, for example, a mother who takes a picture of her naked minor child in the bathtub and sends the picture to her parents." Doc. 40 at 4. Because the generic offense doesn't criminalize such conduct, defendant argues, his prior conviction doesn't qualify as a predicate offense.

8

The government disagrees with defendant's interpretation of Kansas law.  In the government's view, § 21-5510(a)(2) doesn't criminalize a mother taking a photo of her child in the bathtub and sending the picture to her parents.  Doc. 45 at 4.  The government is correct, and the Kansas Supreme Court has recognized as much.

The Kansas Supreme Court differentiates between sexually explicit conduct and a so-called "harmless moment."  The defendant in *State v. Zabrinas* argued that § 21-5510 was unconstitutionally overbroad because it defined sexually explicit conduct to include exhibition in the nude and thus included "innumerable nonsexual depictions of child nudity."  24 P.3d 77, 82 (Kan. 2001).  The Kansas Supreme Court rejected this argument.  To violate the statute, the child exhibited in the nude must also engage in sexually explicit conduct.  *Id.* at 85.  And a "child or infant in a harmless moment could never be considered to be so engaged."  *Id.*  The *Zabrinas* Cout thus found it "clearly necessary that the child must have some understanding or at least be of an age where there could be some knowledge that they are exhibiting their nude bodies in a sexually explicit manner."  *Id.*  What's more, the statute requires the defendant to possess images "with intent to arouse or satisfy the sexual desires or appeal to the prurient interest of the offender or any other person."  § 21-5510(a)(2).  *Zabrinas* held that to "satisfy this requirement, a picture or video must be more than an innocent display of nudity."  24 P.3d at 85.

An innocent display of nudity is exactly what defendant hypothesizes here:  a naked child photographed in the bathtub and then, the resulting image shared with the child's grandparents.  Children young enough to bathe with a parent don't know that they're "exhibiting their nude bodies in a sexually explicit manner."  *Zabrinas*, 24 P.3d at 85.  Nor does a grandparent possess a photo of their grandchild in the bath with the intent required to violate § 21-5510(a)(2).  The Kansas Court of Appeals bolstered this conclusion in a post-*Zabrinas* case, holding that

exhibition in the nude "means more than mere nudity." *State v. Liebau*, 67 P.3d 156, 159 (Kan. Ct. App. 2003). In sum, Kansas courts have narrowed § 21-5510(a)(2) in several important ways.

Defendant relies heavily on *Griffin*. Doc. 40 at 3–4. But the state statute at issue in *Griffin* was a "remarkably broad" one. 164 F.4th at 787. The California statute at issue there criminalized "possession of an image of 'any touching' between an adult and child where the adult has a sexual subjective intent." *Id.* So, imagining the least of the acts criminalized, the California statute covered "an image that depicts an adult simply hugging a fully clothed child where the adult had the intent to be aroused." *Id.* But such an image can't satisfy the federal definition of child pornography. The image—with no nudity and no outward suggestion of sexuality—"would be far from a 'lascivious exhibition of the anus, genitals, or pubic area' required by federal law." *Id.* (quoting 18 U.S.C. § 2256(2)(A)). So, *Griffin* concluded, the California statute "sweeps much more broadly than the generic offense" and the *Griffin* defendant's prior California conviction didn't "categorically fall under § 2252A(b)(2)'s generic offense." *Id.*

But that's not so here. As already established, the Kansas Supreme Court has limited the scope of § 21-1150 in important ways. The "child must have some understanding or at least be of an age where there could be some knowledge that they are exhibiting their nude bodies in a sexually explicit manner." *Zabrinas*, 24 P.3d at 85. And the recipient must possess the visual depiction "with intent to arouse or satisfy the sexual desires or appeal to the prurient interest of the offender[.]" Kan. Stat. Ann. § 21-5510(a)(2). Defendant seems to argue that these additional requirements broaden the offense. Doc. 46 at 2. He has it exactly backwards. These additional requirements narrow the offense. For example, the federal offense for possession of child

10

pornography doesn't require that defendants possess the material for their sexual desire or to appeal to their prurient interest.  *See* 18 U.S.C. § 2252A(a)(5)(B).

In sum, defendant hasn't shown, and the court can't imagine, any conduct violating § 21-1150(a)(2) that doesn't "relate to" possession of child pornography, as defined by federal law. So, defendant's earlier Kansas conviction relates—categorically—to possession of child pornography within the meaning of § 2252A(b)(1) and (b)(2).  The court thus must apply the mandatory minimums under 18 U.S.C. § 2252A(b)(1) and (b)(2).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's sentencing objection, captured in Doc. 40, is overruled.

**IT IS SO ORDERED.**

**Dated this 3rd day of August, 2026, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**

11